T.C. Memo. 2007-193

UNITED STATES TAX COURT

CARLOS R. MENENDEZ AND MARIA L. MENENDEZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3975-06.                    Filed July 18, 2007.

Carlos R. and Maria L. Menendez, pro sese.

<u>Thomas Fenner</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issue for decision is whether petitioner

Maria Menendez is entitled to innocent spouse relief pursuant to

section 6015(c).[1]

_____

[1] Unless otherwise indicated, all section references are to
                                        (continued...)

FINDINGS OF FACT

In January 1963, petitioners were married in Cuba. In October 2003, petitioner Carlos Menendez closed his individual retirement account (IRA) and received $35,407. Mr. Menendez was the only person authorized to request distributions from the IRA, and the funds were deposited into a checking account over which he had sole control.

On February 16, 2004, in preparation for petitioners' divorce, petitioner Maria Menendez signed an asset inventory list (the inventory list) prepared by their financial adviser that listed all the assets of Mr. and Ms. Menendez. The inventory list delineated eight retirement accounts, including Mr. Menendez's IRA showing a balance of "None". The inventory list signed by Ms. Menendez was based on their financial adviser's records as of January 8, 2004.

On March 19, 2004, petitioners' marriage was dissolved. On October 12, 2004, petitioners jointly filed their Form 1040, U.S. Individual Income Tax Return, relating to 2003. In preparation for their joint 2003 return, petitioners individually provided tax information in their possession to their accountant. The proceeds from the IRA were not reported on the 2003 return.

---

[1](...continued)
the Internal Revenue Code in effect for the year in issue.

By notice of deficiency, dated December 19, 2005, respondent determined that petitioners were liable for a deficiency of $10,161 and a section 6662(a) accuracy-related penalty of $2,032.

On February 23, 2006, Ms. Menendez, while residing in Houston, Texas, filed a petition with the Court, but the petition was not signed by Mr. Menendez. On April 5, 2006, Ms. Menendez filed an amended petition indicating that she had sent respondent a Form 8857, Request for Innocent Spouse Relief. On November 14, 2006, Mr. Menendez filed an amendment to Ms. Menendez's amended petition ratifying his intent to be made a party to the case but disputing Ms. Menendez's right to innocent spouse relief. On February 7, 2007, respondent determined that Ms. Menendez was entitled to innocent spouse relief pursuant to section 6015(c).

## OPINION

Generally, married taxpayers may elect to file a Federal income tax return jointly. Sec. 6013(a). Each spouse filing a joint return is jointly and severally liable for the accuracy of the return and the entire tax due. Sec. 6013(d)(3). Pursuant to section 6015(c), a requesting spouse may seek relief from joint liability and elect to allocate a deficiency to a nonrequesting spouse if the following conditions are met: a joint return was filed; at the time of the election, the requesting spouse is separated or divorced from the nonrequesting spouse; the requesting spouse seeks relief within 2 years of the first

collection activity relating to the liability; and the requesting spouse did not have actual knowledge, at the time of signing the joint return, of the item giving rise to the deficiency. Sec. 6015(c)(3)(A)-(C).

Ms. Menendez contends that she meets all requirements of section 6015(c) and respondent agrees. Mr. Menendez, however, contends that relief is not available because Ms. Menendez signed the inventory list indicating the IRA funds had been withdrawn, and, therefore, she had actual knowledge of the item giving rise to the deficiency.

Although she signed the inventory list that noted a withdrawal of the IRA funds, the list was based on information as of January 8, 2004. Pursuant to the inventory list, Mr. Menendez could have withdrawn his IRA funds at any time between October 1, 2003 and January 7, 2004. Moreover, there is no other evidence in the record to establish that Ms. Menendez had actual knowledge of the withdrawal in 2003. Cf. Cheshire v. Commissioner, 115 T.C. 183, 194 (2000) (taxpayer had actual knowledge when she knew of the amount, the source, and the date of receipt of the retirement distribution), affd. 282 F.3d 326 (5th Cir. 2002). Thus, she is entitled to relief pursuant to section 6015(c).

Contentions we have not addressed are irrelevant, moot, or meritless.

<u>An appropriate decision will be entered</u>.